UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
CHYONNE HICKS,

                              Plaintiff,                       **SUA SPONTE REPORT & RECOMMENDATION**

   -against-

                                                           CV 18-3274 (RRM) (AYS)

LONG BEACH POLICE DEPARTMENT,
CRYSTAL HUGGINS, POLICE OFFICER
BRIAN WELLS, POLICE OFFICER RUDY
PENNETTI, POLICE OFFICER PETER
FEILER,

                              Defendants.
----------------------------------------------------------X

**ANNE Y. SHIELDS, United States Magistrate Judge:**

On June 15, 2018, Pro Se Plaintiff Chyonne Hicks ("Plaintiff") commenced this action against Defendants Long Beach Police Department ("LBPD"), Crystal Huggins ("Huggins"), Police Officer Brian Wells ("Wells"), Police Officer Rudy Pennetti ("Pennetti"), and Police Officer Peter Feiler ("Feiler") (collectively, "Defendants"), alleging, inter alia, that Defendants violated his civil rights, pursuant to 42 U.S.C. § 1983. Specifically, Plaintiff's Complaint alleges that on or about March 30, 2018, Huggins filed a false report with the LBPD, stating that she was in fear for her life from Plaintiff. Plaintiff was thereafter arrested by Offcers Wells, Pennetti, and Feiler and alleges that the officers subjected him to excessive force in the execution of the arrest, resulting in nerve damage to his lower back, a dislocated shoulder and a fractured foot. (Compl. ¶ IV.)

While Plaintiff initially participated in the prosecution of this action, upon his release from custody, he ceased participating altogether. For the reasons set forth below, and, in particular, the fact that Defendants will be prejudiced by Plaintiff's protracted lack of any

1

involvement in this matter, this Court respectfully recommends that this action be dismissed, with prejudice.

## BACKGROUND

Plaintiff commenced this action pro se on June 15, 2018, while incarcerated. (Compl., Docket Entry ("DE") [1].) By Order dated May 1, 2019, then District Judge Bianco dismissed Huggins from this action. (DE [20].) An initial conference was held with respect to the action against the remaining Defendants on May 8, 2019. (DE [21].) Plaintiff was incarcerated at the time of the initial conference and appeared by telephone. (Id.) Based on Plaintiff's representation that he was due to be released soon, the Court adjourned the initial conference to September 12, 2019. (Id.) However, Plaintiff was not released as expected, and appeared by telephone for the conference held on September 12, 2019. (DE [23].) Plaintiff was directed to provide Defendants' counsel with medical authorizations and a status conference was scheduled for November 14, 2019. (Id.)

Plaintiff failed to appear for the November 14, 2019 status conference. (DE [26].) Nor did he contact the Court or Defendants' counsel as to his non-appearance. (Id.) The Court rescheduled the status conference to December 18, 2019 and advised Plaintiff that failure to appear or update the Court as to his current address could result in a recommendation to the District Court that this action be dismissed for failure to prosecute. (Id.) Defendants' counsel served a copy of that Order on Plaintiff at all of the addresses he provided on the docket sheet. (DE [27].)

By letter dated December 4, 2019, Plaintiff advised the Court that he was still incarcerated and requested that a status conference be scheduled. (DE [28].) The Court thereafter rescheduled the December 18, 2019 status conference to January 2, 2020. (Order of

2

Shields, M.J., dated Dec. 17, 2019.) The status conference was held on January 2, 2020, with Plaintiff appearing by telephone. (DE [31].) A discovery schedule was entered at that time and a further status conference was scheduled for March 3, 2020. (DE [31].)

Plaintiff did not appear for the March 3, 2020 status conference. (DE [34].) Defendants' counsel advised the Court that Plaintiff was released from custody on January 10, 2020 and that he had not been in contact with Defendants' counsel to provide updated contact information. (Id.) The Court rescheduled the status conference to March 31, 2020 and directed Defendants' counsel to serve a copy of the Order on Plaintiff at all of the addresses listed on the docket sheet. (Id.) Defendants' counsel complied with the Court's direction. (DE [35].)

Due to the worldwide pandemic caused by COVID-19, the Court converted the March 31, 2020 status conference to a telephone conference and rescheduled it to June 10, 2020. (Order of Shields, M.J., dated Mar. 23, 2020.) Defendants' counsel served Plaintiff with notice of the June 10, 2020 conference on March 25, 2020. (DE [36].) Again, however, Plaintiff failed to appear for the status conference held on June 10, 2020. (Order of Shields, M.J. dated June 10, 2020.)

By Order dated June 10, 2020, the Court scheduled another status conference for June 30, 2020, affording Plaintiff one final chance to appear in this action. (Id.) The Order advised Plaintiff that failure to appear at the status conference might result in a recommendation to the District Court that this action be dismissed for failure to prosecute. (Id.) Defendants' counsel served Plaintiff with a copy of the Order on June 11, 2020. (DE [37]). Plaintiff did not appear for the June 30, 2020 status conference. (DE [39].)

To date, there has been no communication by Plaintiff to the Court. In fact, the docket sheet still reflects Nassau County Correctional Center as Plaintiff's present address, despite the

3

fact that he was discharged in January 2020. At no point during this action has Plaintiff contacted the Court to provide an updated address.

## DISCUSSION

It is well-settled that "[t]he district court [] has the power under [Rule] 41(b) to dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." Simmons v. Abruzzo, 49 F.3d 83, 87 (2d Cir. 1995); see also Minnette v. Time Warner, 997 F.2d 1023, 1027 (2d Cir. 1993) ("A district court may, sua sponte, dismiss an action for lack of prosecution pursuant to Fed. R. Civ. P. 41(b)"). "Courts have repeatedly found that dismissal of an action is warranted when a litigant, whether represented or instead proceeding pro se, fails to comply with legitimate court directives." Robinson v. Sposato, No. 13-CV-3334, 2014 WL 1699001, at *1 (E.D.N.Y. Apr. 24, 2014) (internal quotation marks and citations omitted).

When considering a "dismissal for failure to prosecute [or] dismissal pursuant to [Rule] 41(b) for failure to comply with an order of the court," a court principally examines the following factors:

- the duration of plaintiff's failures or non-compliance;
- whether plaintiff had notice that such conduct would result in dismissal;
- whether prejudice to the defendant is likely to result;
- whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and
- whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

Baffa v. Donaldson, Lufkin & Jenrette Secs. Corp., 222 F.3d 52, 62-63 (2d Cir. 2000); see also Lewis v. Rawson, 564 F.3d 569, 576 (2d Cir. 2009); Lucas v. Miles, 84 F.3d 532, 535 (2d Cir. 1996). Generally, "no one factor is dispositive." Lewis, 564 F.3d at 576 (quoting U.S. ex rel. Drake v. Norden Sys., Inc., 375 F.3d 248, 253 (2d Cir. 2004)); Nita v. Conn. Dep't of Envtl.

Prot., 16F.3d 482, 485 (2d Cir. 1994); Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) ("[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge and the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.") (internal quotation marks and citation omitted).

Here, the pertinent factors weigh in favor of dismissal of this action. Plaintiff has failed to make several appearances in this matter, all of them since being released from custody. Moreover, there has been no contact by Plaintiff with either Defendants' counsel or the Court. Nor does the Court even have an accurate current address for Plaintiff. Plaintiff has been specifically warned that failure to comply with this Court's orders may result in a recommendation to the District Court that this action be dismissed for failure to prosecute. (DE [26], [36].) Although Plaintiff has been given multiple opportunities to communicate with this Court, he has remained silent. Indeed, since its inception, Plaintiff has failed to advance this litigation in any meaningful way.

At this time, the Court and Defendants are unable to communicate with Plaintiff. Plaintiff's failure to follow Court directives and his lack of prosecution has an adverse impact not only on the Court's calendar, but also on the Defendants, who already bear the costs and burdens incidental to defending civil litigation. See Southerland v. City of New York, 681 F.3d 122, 137 (2d Cir. 2012) (Jacobs, C.J. dissenting) ("An individual defendant has at stake his savings, his pension, the equity in his home, the kids' college fund"). This delay is unnecessary, unfair, and has impeded the Defendants' ability to marshal an effective defense. As the Second Circuit has recognized, "prejudice resulting from unreasonable delay may be presumed as a matter of law." Peart, 992 F.2d at 462 (citation omitted).

In view of the foregoing lack of activity in this matter, it is respectfully recommended that the District Court enter an order dismissing this case for failure to prosecute.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that this action be dismissed, with prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing Defendants' counsel to serve a copy of this Report and Recommendation by overnight mail and first-class mail to Plaintiff at his last known address(es), and to file proof of service on ECF, by October 2, 2020.  Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report.  28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court or Court of Appeals.  Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED:**

Dated: Central Islip, New York
September 30, 2020.

                                                /s/ Anne Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge